**UNITED STATES BANKRUPTCY COURT**

**WESTERN DISTRICT OF ARKANSAS**

RECEIVED
U.S. BANKRUPTCY COURT
EASTERN & WESTERN DISTRICTS
OF ARKANSAS
07/31/26 10:54 am
LINDA McCORMACK, CLERK
By: MichelleJones
DEPUTY CLERK

FILED
U.S. BANKRUPTCY COURT
EASTERN & WESTERN DISTRICTS
OF ARKANSAS
07/31/26 12:16 pm
LINDA McCORMACK, CLERK
By: MichelleJones
DEPUTY CLERK

In re:

Anisha Hicks and Toney Hicks,

Debtors.

Case No.: ~~1:26-BK-71403~~ 1:26-70683 A:H

Chapter 13

# EMERGENCY MOTION TO VACATE ORDER OF DISMISSAL, REINSTATE CHAPTER 13 CASE, REIMPOSE OR CONFIRM THE AUTOMATIC STAY, AND REQUEST FOR EXPEDITED HEARING

COME NOW the Debtors, Anisha Hicks and Toney Hicks, appearing pro se, and pursuant to **11 U.S.C. §§ 105(a) and 362**, **Federal Rules of Bankruptcy Procedure 9023, 9024, 9006(c), and 9014**, and the Court's equitable powers, respectfully move this Court to vacate the Order dismissing this Chapter 13 case, reinstate the case, confirm or reimpose the protections of the automatic stay, and set this matter for an expedited emergency hearing. In support of this Motion, the Debtors state as follows:

## I. Background

1. The Debtors filed their voluntary Chapter 13 petition on **April 14, 2026**.

2. On or about **July 15, 2026**, this Court entered an Order dismissing the Chapter 13 case.

3. The Debtors did not receive notice of the motion, notice of hearing, or any other pleading that ultimately resulted in dismissal of the case.

5 pgs - MJ OTC

4. Because notice was never received, the Debtors were denied a meaningful opportunity to respond, appear, cure any alleged deficiencies, or otherwise protect their interests before dismissal.

## II. Legal Authority

5. The Fifth Amendment to the United States Constitution guarantees that no person shall be deprived of property without due process of law. Fundamental due process requires notice reasonably calculated to apprise interested parties of the pendency of an action and provide an opportunity to be heard.

6. Federal Rule of Bankruptcy Procedure 9024, incorporating Rule 60(b) of the Federal Rules of Civil Procedure, authorizes the Court to relieve a party from a final order for reasons including mistakes, excusable neglect, or any other reason that justifies relief.

7. To the extent this Motion is filed within fourteen (14) days of the dismissal order, relief may also be appropriate under **Federal Rule of Bankruptcy Procedure 9023, incorporating Rule 59 of the Federal Rules of Civil Procedure.

8. This contested matter is governed by Federal Rule of Bankruptcy Procedure 9014, and expedited consideration is authorized under Federal Rule of Bankruptcy Procedure 9006(c) for cause shown.

9. Additionally, 11 U.S.C. § 105(a) authorizes this Court to issue any order necessary or appropriate to carry out the provisions of the Bankruptcy Code and to prevent an injustice resulting from the lack of notice provided to the Debtors.

III. Grounds for Relief

10. The Debtors had no actual knowledge that dismissal of their Chapter 13 case was being sought.

11. Had proper notice been received, the Debtors would have timely appeared before the Court and addressed any deficiencies identified by the Trustee or other parties.

12. Because the Debtors were deprived of notice and an opportunity to be heard, dismissal of the case resulted in substantial prejudice.

13. Equity strongly favors reinstatement because the dismissal occurred without affording the Debtors the procedural protections required by due process.

IV. Emergency Circumstances

14. The Debtors' residence located at 2311 Houston Street, El Dorado, Arkansas 71730, is subject to foreclosure proceedings.

15. Unless emergency relief is granted, the Debtors face the imminent and irreparable loss of their home.

16. Monetary damages cannot adequately compensate for the loss of the Debtors' residence.

17. The balance of hardships weighs heavily in favor of reinstating the bankruptcy case while preserving the status quo pending further proceedings.

## V. Automatic Stay

18. Upon dismissal of the bankruptcy case, the protections afforded by 11 U.S.C. § 362(c)(2)(B) terminated.

19. The Debtors respectfully request that upon vacating the dismissal and reinstating this Chapter 13 case, the Court enter an Order confirming that the automatic stay is immediately effective upon reinstatement, or alternatively issue such orders as are necessary under 11 U.S.C. §§ 105(a)

and 362 to preserve the bankruptcy estate and protect the Debtors from foreclosure and other collection activity.

## VI. Request for Expedited Hearing

20. Good cause exists under Federal Rule of Bankruptcy Procedure 9006(c) for expedited consideration because foreclosure proceedings are pending and immediate judicial intervention is necessary to prevent irreparable harm.

21. The Debtors respectfully request that the Court shorten any applicable notice period and schedule this Motion for the earliest available hearing.

## WHEREFORE

The Debtors respectfully request that this Court:

A. Set this Motion for an expedited emergency hearing;

B. Vacate the Order dismissing this Chapter 13 case;

C. Reinstate the Chapter 13 case;

D. Confirm or reimpose the protections of the automatic stay effective upon reinstatement;

E. Direct all creditors to cease any collection or foreclosure activity pending further order of the Court;

F. Grant such other and further relief as the Court deems just and equitable.

Respectfully submitted,

---

**Anisha Hicks**

2311 Houston Street

El Dorado, AR 71730

254-679-6697

[anishastl0112@aol.com](mailto:anishastl0112@aol.com)

---

**Toney Hicks**

2311 Houston Street

El Dorado, AR 71730

Date: July 29, 2026